81,814-02

To: Mr. Abel Acosta, Clerk      1-21-15
     Court of Criminal Appeals

CC: Texas Office of Court Administration
     205 W. 14th St. #600
     Austin Tx. 78701

Reference: Tr. Ct. No. F-2002-1700-E WHC2
     WR-81,814-02

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 03 2015

Abel Acosta, Clerk

Mr. Acosta,

My name is Jason Zeno and I am currently incarcerated in TDCJ at the Stevenson Unit in Cuero Texas. I am a pro se indigent inmate who has filed an 11.07 application with the Texas Court of Criminal Appeals through the 367th District Court in Denton County, Texas. I received the attached official notice informing me that my application was being dismissed. I was confused because to my knowledge I filled the application out correctly and fully. I wrote you as well as Ms. Sherri Adelstein at the Denton County District Clerks office over (45) days ago in hopes that any confusion or mistakes be cleared up in the name of justice. To date I

(1)

1-21-15

have received no response from you nor the Court of Criminal Appeals. I have, as of 1-20-15, received a response from the Denton County District Clerk. I have attached the (3) page response as well as a copy of the "inmate's declaration" that was attached to the original writ application. On page (3) of the District Clerks response I have underlined important facts that further confused me. As I requested in my previous letter, please let me know if there was a mistake that I made so that I can correct it and justice be served. I have attached a copy of this letter to a letter sent to the Texas Office of Court Administration regarding this matter. Thank you in advance for your response and I humbly pray that this matter be cleared up.

Jason Zeno (#1895863)
pro so indigent defendant

To: Texas Office of                              1-21-15
    Court Administration

Reference: Tri. Ct. No. F-2002-1700-E WHC2
           WR-91, 814-02


Please read the enclosed letter addressed
to the Court Of Criminal Appeals and advise
me on a course of action. Something is
being missed and I am the one suffering
because of it. To my knowledge everything
is correct but I cant get a response
from the Court of Criminal Appeals.
I have previously written your office
regarding this matter. Thank you in advise
for your response.

                        Jason Zeno (# 1895863)
                        pro se indigent defendant

(1)



## Sherri Adelstein
### Denton County District Clerk
P.O. Box 2146
Denton, Texas 76202
Ph: 940-349-2210 Fax: 940-349-2211

### Inmate Correspondence Reply

Jason Paul Zeno #1895863
Stevenson Unit
1425 FM 766
Cuero, Texas 77954

**In the District Courts**
**367th Judicial District Court**
**Denton County, Texas**

### F-2002-1700-E

*A finding of Indigency is for costs/fines only – it does not apply to copies of court documents.*

___ Upon receipt of proper fee, the copies you requested will be prepared and mailed. Copies are $1.00 per page. The cost for copies requested will be $_____.

___ We will need a court order to prepare the copies you requested at no charge to you.

___ The clerk's office is prohibited from providing legal advice or assistance therefore we are unable to answer your question(s).

___ Contact the Court Reporter listed below to request a copy of the Statement of Facts and fees.
Name_____
Address:_____

___ This is to acknowledge the receipt of your motion, please be advised the Court has
GRANTED          DENIED          TAKEN NO ACTION

**X** Other : Attached is the verification page that was not signed. I can only assume this is what Court of Criminal Appeals is referring to.
Also, your supplemental grounds were forwarded to Court of Criminal Appeals when the writ was sent.

Date of Reply: January 13, 2015

By_____
Jamie McKeathen
Sherri Adelstein, District Clerk
Denton County, Texas

*All future correspondence should indicate the above cause number

**Texas Government Code 552.028. (a) a governmental body is not required to accept or comply with a request for information from (1) an individual who is imprisoned or confined in a correctional facility;.....**

### Notice
**UNLESS LEGALLY REQUIRED TO DO SO – this office will NOT acknowledge or respond to any further written requests from you.**

(v)

## Frequently Asked Questions

**I need copies and I cannot afford them. What can I do?**
Copy costs are not covered by a finding of indigence. Only by court order will the clerk's office provide you with any copies. You may make a written request to the Court for the costs to be waived and if ordered to do so, the clerk will make copies and mail them to you.

**I submitted a request/motion, what happens now?**
All motions and requests from incarcerated persons are sent to the court for the judge's review. The Clerk's office will send you a reply regarding the action of the court.

**I received a reply from the Clerk's office and it said there was "no action" taken on my request/motion. What does that mean?**
It means the judge has reviewed your request/motion and has chosen not to address it.
FYI: The court/judge does not prepare documents and/or orders. Preparing and submitting an order for the judge to sign ruling on your request/motion is suggested.

**Does time served count towards credit of court costs and other fees?**
Not for a felony. Court costs and fees are in addition to incarceration. Credits are not given based on time served.

**Funds are being withheld from my TDCJ account. Is that legal?**
Yes, the statutes provide for funds to be withheld from your TDCJ account for payment of any court ordered assessed costs and fees. A copy of the withholding is required to be sent to you and is done so at the same time the order is sent to TDCJ. The withholding order sets out the statutes allowing for the withholding of funds.

**The amount of fees assessed on my case does not match the amount in my Judgment. Why is that?**
The amount shown in the Judgment is the "base" amount of costs for the convicted offense. Other allowable assessable costs are not always known at the time of sentencing therefore language regarding the assessment of any other costs is included in each Judgment. A "cost bill" showing the complete assessment breakdown will be mailed to you upon your request.

**I do not have access to a copy machine, will the clerk's office make a copy of my request/motion and forward it to everyone I want?**
Unfortunately, no – for a couple of reasons:
   1. We are not legally required to so, and;
   2. The clerk's office receives a large volume of requests with some of the documents being multiple pages with would take quite a bit time and supplies to copy. To be consistent, we do not honor any requests to make and forward copies of documents to other offices and/or departments.

**What is a "Statement of Facts"?**
The "Statement of Facts" is the transcribed record of what happened in the courtroom. These are only prepared by the Court Reporter upon request and payment. (or waiver of payment by the Court)

**Public Information Act (formally Open Records Act)**
Government Code:
   Sec. 552.028. REQUEST FOR INFORMATION FROM INCARCERATED INDIVIDUAL. (a) A governmental body is not required to accept or comply with a request for information from:
      (1) an individual who is imprisoned or confined in a correctional facility; or
      (2) an agent of that individual, other than that individual's attorney when the attorney is requesting information that is subject to disclosure under this chapter.
      (b) This section does not prohibit a governmental body from disclosing to an individual described by Subsection (a)(1), or that individual's agent, information held by the governmental body pertaining to that individual.
      (c) In this section, "correctional facility" means:
         (1) a secure correctional facility, as defined by Section 1.07, Penal Code;
         (2) a secure correctional facility and a secure detention facility, as defined by Section 51.02, Family Code; and
         (3) a place designated by the law of this state, another state, or the federal government for the confinement of a person arrested for, charged with, or convicted of a criminal offense.

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name:_____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone:_____

Fax:_____

## INMATE'S DECLARATION

I, _Jason Zeno_ , am the applicant / petitioner (circle one) and

being presently incarcerated in _Stevenson Unit / Cuero, Tx_ , declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _September 30_, 20 _14_.

_____
Signature of Applicant / Petitioner (circle one)

(attached to original application)

Rev. 01/14/14

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

PRESORTED
FIRST-CLASS

UNITED STATES POSTAGE
PITNEY BOWES
$ 00.26⁵
02 1M
0004279596
NOV 26 2014
ZIP CODE 78701
MAILED FROM

11/26/2014
ZENO, JASON    Tr. Ct. No. F-2002-1700-E WHC 2   WR-81,814-02

The Court has dismissed your application for writ of habeas corpus without
written order for non-compliance with Texas Rules of Appellate Procedure
73.1. APPLICANT HAS NOT COMPLETED A PROPER VERIFICATION OF
THE PRESCRIBED FORM

Abel Acosta, Clerk

JASON ZENO
STEVENSON UNIT - TDC # 1895863
1525 FM 766
CUERO, TX 77954

EBW3B 77954